# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 15, 2020

```
* * * * * * * * * * * * * * *   *
JEREMEY MORGAN,                  *      No. 19-1105V
                                 *
          Petitioner,            *      Special Master Sanders
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *      Ruling on Entitlement; Conceded;
AND HUMAN SERVICES,              *      Influenza ("flu") Vaccine; Guillain-Barré
                                 *      Syndrome ("GBS")
          Respondent.            *
* * * * * * * * * * * * * * *   *
```

*David J. Carney*, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.
*Dhairya D. Jani*, United States Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On July 30, 2019, Jeremy Morgan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"). Pet. at 1, ECF No. 1; 42 U.S.C. § 300aa-10 to -34 (2012). Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on November 2, 2018. Pet. at 1.

On May 26, 2020, Respondent file a report pursuant to Vaccine Rule 4(c) in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Report at 5, ECF No. 13. Specifically, Respondent wrote that it is his "position that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation[]" for a flu-GBS claim. *Id.* (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), 100.3(c)(15)).

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and my review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master